**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


LAWRENCE MAHER,                 :
                                :   Civil Action No. 11-1271 (RBK)
          Petitioner,           :
                                :
     v.                         :           OPINION
                                :
WARDEN J.T. SHARTLE,            :
                                :
          Respondent.           :
```

**APPEARANCES:**

Lawrence Maher, Petitioner pro se
04545-036
FCI Fairton
P.O. Box 420
Fairton, N.J. 08320

**KUGLER**, District Judge

Petitioner Lawrence Maher ("Petitioner"), a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because this Court lacks jurisdiction to consider the petition, and it is not in the interest of justice to transfer, the Court will dismiss the petition.

**I.  BACKGROUND**

The following facts are taken from the petition and relevant court opinions. On April 6, 2005, Petitioner was sentenced as a career offender pursuant to United States Sentencing Guideline 4B1.1 by the United States District Court for the District of

Maine.  Petitioner alleges that the court erred in sentencing him as a career offender because one of the predicate offenses used by the court was a 1997 Massachusetts state court conviction for which his sentence was suspended.

On November 8, 2007, Petitioner filed a motion with the District Court of Maine under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, which included "his counsel's failure to object to his 21 U.S.C. § 851 sentencing enhancement based on the information which listed a 1997 Massachusetts Class D drug offense judgment", as a ground for relief.  The court denied Petitioner's motion on July 25, 2008.  On July 27, 2009, Petitioner filed a "motion requesting to modify an imposed term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(1)(B), predicated upon another modifying statute (28 U.S.C. § 2255)" with the District Court of Maine.  That motion was denied on August 11, 2009.  Petitioner appealed the District Court's denial to the First Circuit Court of Appeals, which affirmed the District Court's decision.  A petition for writ of certiorari filed with the United States Supreme Court was denied on November 15, 2010.  On December 1, 2010, Petitioner sought permission from the First Circuit Court of Appeals to file a successive § 2255 petition.  His request was denied on January 19, 2011, with the court noting the following:

> Petitioner's sentence as a career offender, pursuant to U.S.S.G. §4B1.2, was not in error.  Even though the sentence for one of predicate convictions used to establish his career offender status was suspended, the

>    offense was "punishable by imprisonment exceeding one year" and, hence, was a "controlled substance offense" as defined in section 4B1.1. The fact that the suspended sentence would not have constituted a "sentence of imprisonment" for the purposes of computing criminal history under section 4A1.1 is not relevant to the determination of career offender status in section 4B1.1.

Maher v. United States, No. 10-2440 (1st Cir. January 19, 2011).

On March 7, 2011, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner argues that the United States District Court of Maine "committed plain error when they sentenced him as a career offender pursuant to 4B1.1 as defined by 4A1.2(b)(2) and 4A1.2(b) Note 2." Specifically, Petitioner argues that his suspended state court sentence was incorrectly used to enhance his federal sentence. Petitioner requests that this Court grant his § 2241 petition, on the grounds that § 2255 has proven itself "inadequate or ineffective to test the legality of the detention." Relying on a Massachusetts district court case, Goldman v. Winn, 565 F.Supp. 2d 200 (D.Mass. 2008), he argues that a claim of "actual innocence" of the facts underlying the conviction or sentence is sufficient to render the § 2255 remedy inadequate or ineffective.

## II. DISCUSSION

### A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A

3

petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

Section 2241 of Title 28 of the United States Code provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his

4

sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); Hayman, 342 U.S. at 219.

Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention. See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

5

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances

presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

**B. Legal Analysis**

**1. Successive § 2255 Motion**

Here, Petitioner's challenges to his sentence fall directly within the scope of Section 2255.  The sole fact that the District of Maine denied Petitioner the relief he desired neither rendered § 2255 an "inadequate or ineffective" remedy, nor did this fact bestow § 2241 jurisdiction upon this Court. "A section 2255 motion is not 'inadequate or ineffective' merely because . . . the sentencing court does not grant relief. . . . Rather, the 'safety valve' provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." David v. Grondolsky, 305 Fed. App'x 854, 855-56 (3d Cir. 2009) (affirming district court's decision that a challenge to a sentence or to a sentence enhancement must be construed as a § 2255 motion; citing Davis, 417 U.S. at 343, Okereke, 307 F.3d at 120; Cradle, 290 F.3d at 539, and Dorsainvil, 119 F.3d at 249).

In this case, Petitioner's challenges fall short of the <u>Dorsainvil</u> exception: his underlying offenses did not stop being crimes due to an intervening change of law, and his Petition expresses nothing but his disagreement with the sentencing model employed by the District of Maine and affirmed by the Court of Appeals.

**2. "Actual Innocence" Claim**

Further, Petitioner's claim that "actual innocence" of the facts underlying the conviction or sentence is sufficient to render the § 2255 remedy inadequate or ineffective must also fail. A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[2] A litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. A claim of actual innocence requires a petitioner to show: (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror

---

[2] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993). This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. <u>Id.</u>; <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991). The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." <u>Herrera</u>, 506 U.S. at 404.

would have convicted the petitioner in the light of the new evidence.  See House v. Bell, 126 S. Ct. 2064, 2077 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits review only in the "extraordinary" case.  See House, 126 S. Ct. at 2077 (citing Schlup, 513 U.S. at 327).

In the case at bar, Petitioner's claim of "actual innocence" is not based on any new evidence suggesting any "innocence in fact." Rather, Petitioner merely asserts that his sentence was unduly enhanced as a "career offender."  However, as stated by the Third Circuit, this is not a sufficient basis for granting relief under § 2241.  See Piggee v. Bledsoe, 412 Fed.Appx. 443, 445 (3rd Cir. 2011)("[Petitioner] makes no allegation that he is actually innocent of the crime for which he was convicted; he only asserts that his sentence was improperly calculated. The Dorsainvil exception is therefore inapplicable, and relief under Section 2241 is not available")(citations omitted).

Therefore, Petitioner is not entitled to relief on his "actual innocence" claim.  Further, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy; nor does he represent an intervening change in the law that renders non-criminal the crime for which he was convicted. Petitioner also fails to demonstrate any circumstances amounting to

a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  As such, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction and it will be dismissed.[3]

## III. CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction.  An appropriate Order accompanies this Opinion.

Dated: September 13, 2011

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
UNITED STATES DISTRICT JUDGE

---

[3] Since Petitioner already filed a § 2255 motion with the District of Maine and was denied permission to file a successive § 2255 petition by the First Circuit Court of Appeals, this Court finds it not in the interests of justice to transfer this action.